

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2008

# USA v. Thiemann

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Thiemann" (2008). *2008 Decisions.* Paper 1047.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1047

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-5026

_____

UNITED STATES OF AMERICA

v.

THERESA THIEMANN
Appellant

_____

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 04-cr-00256)
District Judge:  Hon. Thomas I. Vanaskie

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2008

BEFORE:  BARRY and STAPLETON, *Circuit Judges*,
and RESTANI,* *Judge*

(Opinion Filed:  June 6, 2008)

_____

_____

*Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

_____

OPINION OF THE COURT

———————

STAPLETON, Circuit Judge:

Appellant Theresa Thiemann pled guilty to bank larceny and was sentenced at the upper end of the suggested Guideline range to six months' incarceration followed by one year of supervised release. This appeal followed.

Thiemann's counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967).

I.

Thiemann was released from prison on March 20, 2007, and her supervised release term has expired. This means that if this appeal consisted solely of an attack on her sentence of incarceration and/or her supervised release, it would be moot and we would be without jurisdiction to hear this appeal. *Cf. United States v. Jackson*, No. 06-5205, 2008 WL 1776582 (3d Cir., March 13, 2008). However, because Thiemann's *conviction* carries collateral consequences and because we are required under *Anders* to independently review that conviction, we conclude that we have jurisdiction to entertain this appeal. *Anders*, 386 U.S. at 745.

II.

We have reviewed the record, and we agree with counsel for the government and

2

Thiemann that there are no non-frivolous issues presented by this appeal. Specifically, there are no non-frivolous issues with respect to jurisdiction or with respect to the validity or voluntariness of Thiemann's plea; and, as explained above, any issue with respect to the legality or reasonableness of her sentence is moot. We find no error.

III.

We are satisfied that Thiemann's counsel has adequately fulfilled the requirements of Rule 109.2, and his motion to withdraw will be granted. The issues presented in this appeal lack legal merit and thus do not require the filing of a petition for a writ of certiorari with the Supreme Court.

The judgment of the District Court will be affirmed.